**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | GO Lab, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 82-1220447 |

| | |
|---|---|
| 4. | **Debtor's address** |

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1 Main Street<br>P.O. Box 119<br>Madison, ME 04950 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Somerset | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.timberhp.com |

| | |
|---|---|
| 6. | **Type of debtor** |

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   GO Lab, Inc.                                                        Case number (*if known*) _____
         _____
         Name

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

      8810

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____   When _____   Case number _____

District _____   When _____   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

| Debtor | GO Lab, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

List all cases. If more than 1, attach a separate list

Debtor    GO Lab Madison, LLC                                                   Relationship

District    Delaware                          When                          Case number, if known

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
Contact name _____
Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☑ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☑ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | GO Lab, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   March 25, 2025
              MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Matthew O'Malia
Printed name

Title   President and CEO

**18. Signature of attorney**

X  */s/ Mark E. Felger*
Signature of attorney for debtor

Date   March 25, 2025
       MM / DD / YYYY

Mark E. Felger, Esquire 3919
Printed name

Cozen O'Connor
Firm name

1201 N. Market Street
Suite 1001
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone   302-295-2087      Email address   mfelger@cozen.com

3919 DE
Bar number and State

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

**GO Lab, Inc.**

**CERTIFICATE**

**March 24, 2025**

I, Kris Eimicke, being the Secretary of GO Lab, Inc., a Delaware corporation (the "Company") hereby deliver this Certificate and do hereby certify, in my capacity as an authorized agent of the Company, that I have access to the corporate records of the Company; and

I further certify that attached hereto as Exhibit "A" is a true, correct, and complete copy of the resolutions duly adopted and approved by the Board of Directors of the Company at the conclusion of a meeting held on March 20, 2025, and that such resolutions (a) have not been amended, rescinded, or modified since their adoption and remain in full force and effect as of the date hereof, and (b) were adopted in accordance with the provisions of applicable law and the governance documents of the Company.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 24th day of March 2025.

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

# EXHIBIT A

## Action by Unanimous Written Consent of Board of Directors of

## GO Lab, Inc.

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

## RESOLUTIONS OF BOARD OF DIRECTORS OF
## GO LAB, INC.

### March 20, 2025

The undersigned, being all of the Directors of GO Lab, Inc., a Delaware corporation (the "Company"), following a meeting of the Board of Directors held on the date above noted, hereby unanimously adopt the following resolutions as of the date first written above:

**WHEREAS**, the Board has extensively analyzed, in consultation with the Company's management, a number of significant creditors, and financial and legal advisors, the alternatives available to the Company, and after due deliberation has determined that it is in the best interests of the Company and one or more of its subsidiaries, both direct and indirect, to seek relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**NOW THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED**, that the President and CEO is authorized and directed to file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing a bankruptcy case (the "Chapter 11 Case"); and it is further

**RESOLVED**, that the President and CEO is authorized and directed to exercise the Company's rights as a member and manager of GO Lab Madison Holdings, LLC and as manager of GO Lab Madison, LLC, to propose, endorse, and vote in favor of resolutions substantially in the form attached hereto as Exhibit A, and to take such further actions as are reasonably necessary to implement and carry out the purpose and intent of such resolutions; and it is further

**RESOLVED**, that the President and CEO, in his reasonable discretion, is authorized to exercise the Company's rights as a member or manager of any other subsidiary to adopt, in the name and on behalf of the Company, such resolutions as may be necessary or appropriate to authorize such subsidiary to file its own petition with the Bankruptcy Court; and it is further

**RESOLVED**, that the President and CEO and such officers and agents of the Company as the President and CEO may specifically designate (the President and CEO and such other designated officers shall be referred to, collectively, as the "Authorized Officer(s)"), acting either individually or jointly, after obtaining advice from the Company's financial and legal advisors and obtaining relevant information from the responsible employees of the Company, are hereby authorized and directed to execute and verify the Petition and any documents related thereto, and to cause the same to be filed with the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized and directed to execute one or more declarations and other documents relating to the Petition, including without limitation an overview of the Company's business and support for each of the motions filed in connection with the Petition, each in form and substance prepared and reviewed by the Company's financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered and directed, on behalf of the Company, as a debtor and debtor-in-possession in the Chapter 11 Case to execute and file all motions, actions, applications, pleadings, and other papers, and to take and perform any and all further acts and deeds which the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals in executing, verifying, or filing the Petition with a view to its successful prosecution; and it is further

## RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES

**RESOLVED**, that the Company is authorized to employ: (a) the law firm of Cozen O'Connor, as general bankruptcy counsel; (b) the law firm of Nixon Peabody LLP, as special counsel for tax and bond matters; (c) the law firm of Pierce Atwood LLP, as special counsel for corporate matters, (d) Jefferies LLC, as investment bankers; (e) Berry Dunn McNeil & Parker, LLC, as accountants; (f) Omni Agent Solutions, as claims, noticing, and balloting agent; and (g) any other legal counsel, accountants, financial advisors, and other professionals as the Authorized Officers deem necessary, appropriate, or advisable to assist the Company in carrying out its duties under the Bankruptcy Code (all of the foregoing, collectively, the "Professionals"), and to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the Professionals; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to, on behalf of, and in the name of the Company, incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof; and it is further

## DEBTOR-IN-POSSESSION FINANCING

**RESOLVED**, that in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of and on behalf of the Company, as debtor and debtor-in-possession, to negotiate, execute and deliver: (i) one or more debtor in possession loans (collectively, the "DIP Loans"), on the terms the Authorized Officers may deem necessary or appropriate for the consummation of the transactions contemplated thereby, the signature of any such Authorized Officer to be deemed conclusive evidence of such determination; and (ii) in connection with the DIP Loans, such agreements, certificates, instruments, collateral documents, mortgages, guaranties, notices, and any and all other documents as any Authorized Officer may deem necessary or appropriate to facilitate the DIP Loans and pledge of collateral in connection therewith, the signature of such Authorized Officer to be deemed conclusive evidence of such determination; and it is further

## RESTRUCTURING SUPPORT AGREEMENTS AND PLAN OF REORGANIZATION

LEGAL\76341300\2

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

**RESOLVED**, the terms of the Restructuring Support Agreements by and between the Company and various creditors, and the Joint Plan of Reorganization contemplated under the Restructuring Support Agreements be, and hereby are, in all respects approved; and it is further

**RESOLVED**, the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of and on behalf of the Company, to take such actions as they may deem necessary or appropriate to implement, perform, and seek such orders and other relief as may be necessary to implement the Restructuring Support Agreements and the Plan, the signature of such Authorized Officer to be deemed conclusive evidence of such determination; and it is further

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED**, the Authorized Officers, and each of them, are authorized and directed, consistent with these Resolutions and with the advice of counsel: (i) to negotiate, execute, deliver, certify, file, record, and perform according to the terms of any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file, record, and perform according to the terms of any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated hereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

**RESOLVED**, that, subject to Bankruptcy Court approval as needed, the Authorized Officers, and each of them, are empowered, authorized, and directed, for and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments, and agreements providing for the engagement, retention, compensation, reimbursement of expenses, and indemnification of any legal counsel, accounting firm, or other such consultants, advisors, and other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisors, and other agents, in each case as they shall in their judgment determine to be necessary, desirable, or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument, or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments, or agreements so executed, the expenses so paid, and the actions so taken; and it is further

**RESOLVED**, that any person dealing with any Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized

3

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by any agent of the Company within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Company shall indemnify, defend, and hold harmless, to the fullest extent permitted by the Company's governance documents and applicable law, each of the Authorized Officers with respect to any legal, equitable, or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from, or related to any actions taken by such Authorized Officer in connection with the foregoing resolutions.

Adopted as of the date first written above.

Matthew O'Malia

Joshua Henry

Anthony P. Grassi

_____
Oakley Dyer

Victor Bogachev

David Altman

Catherine Robbins-Halsted

Dennis Prieto

4

Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by any agent of the Company within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Company shall indemnify, defend, and hold harmless, to the fullest extent permitted by the Company's governance documents and applicable law, each of the Authorized Officers with respect to any legal, equitable, or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from, or related to any actions taken by such Authorized Officer in connection with the foregoing resolutions.

Adopted as of the date first written above.

_____

Matthew O'Malia

_____

Joshua Henry

_____

Anthony P. Grassi

_____

Oakley Dyer

_____

Victor Bogachev

_____

David Altman

_____

Catherine Robbins-Halsted

_____

Dennis Prieto

4

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

# EXHIBIT A

**Approved Form of Consent of GO Lab Madison, LLC**

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

## ACTION BY WRITTEN CONSENT OF
## SOLE MEMBER, MANAGER, AND INDEPENDENT MANAGER

### March __, 2025

The undersigned, on behalf of GO Lab Madison Holdings, LLC, the sole member (the "Sole Member") of GO Lab Madison, LLC, a Delaware limited liability company (the "Company"), GO Lab, Inc. (the "Manager"), in its capacity as Manager of the Company, and Michelle A. Dreyer, in her capacity as Independent Manager of the Company, hereby consent to the following resolutions as of the date first written above:

**WHEREAS**, the Sole Member and Manager have extensively analyzed, in consultation with the Company's management, a number of significant creditors, and financial and legal advisors, the alternatives available to the Company, and after due deliberation has determined that it is in the best interests of the Company to seek relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, pursuant to Section 7.5(a) of the Company's Amended and Restated Operating Agreement, dated as of December 23, 2021, filing the Chapter 11 case requires the unanimous written approval of the Sole Member and the Independent Manager;

**WHEREAS**, the Company engaged the Independent Manager to discuss the potential Chapter 11 case;

**WHEREAS**, as a result of discussions and representations by the Company, its financial and legal advisors, and its creditors, including counsel to UMB Bank N.A., and a thorough review of the legal and financial documentation provided, the Independent Manager has determined filing the Chapter 11 case is reasonable and in the best interest of the Company; and

**WHEREAS**, to more efficiently administer the Chapter 11 case, the Sole Member, the Manager, and the Independent Manager deem it advisable and appropriate to name Matthew O'Malia President and Chief Executive Officer ("CEO") of the Company.

**NOW THEREFORE, BE IT RESOLVED** as follows:

**RESOLVED**, Matthew O'Malia is hereby appointed President and CEO of the Company, effective immediately;

**RESOLVED**, that the President and CEO is authorized and directed to file a petition seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing a bankruptcy case (the "Bankruptcy Case"); and it is further

**RESOLVED**, that the President and CEO and such officers and agents of the Company as the President and CEO may specifically designate (the President and CEO and such other designated officers shall be referred to, collectively, as the "Authorized Officer(s)"), acting either individually or jointly, after obtaining advice from the Company's financial and legal advisors and obtaining relevant information from the responsible employees of the Company, are hereby

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

authorized and directed to execute and verify the Petition and any documents related thereto, and to cause the same to be filed with the Bankruptcy Court; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized and directed to execute one or more declarations and other documents relating to the Petition, including without limitation an overview of the Company's business and support for each of the motions filed in connection with the Petition, each in form and substance prepared and reviewed by the Company's financial and legal advisors and approved by such officer, the execution thereof by such officer to be conclusive evidence of such approval; and it is further

**RESOLVED**, that without limiting the generality of the foregoing, the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized, empowered and directed, on behalf of the Company, as a debtor and debtor-in-possession in the Chapter 11 case to execute and file all motions, actions, applications, pleadings, and other papers, and to take and perform any and all further acts and deeds which the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 case; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, acting either individually or jointly, are hereby authorized to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals in executing, verifying, or filing the Petition with a view to its successful prosecution; and it is further

## RETENTION OF PROFESSIONALS AND PAYMENT OF FEES AND EXPENSES

**RESOLVED**, that the Company is authorized to employ: (a) the law firm of Cozen O'Connor, as general bankruptcy counsel; (b) the law firm of Nixon Peabody LLP, as special counsel for tax and bond matters; (c) the law firm of Pierce Atwood LLP, as special counsel for corporate matters, (d) Jefferies LLC, as investment bankers; (e) Berry Dunn McNeil & Parker, LLC, as accountants; (f) Omni Agent Solutions, as claims, noticing, and balloting agent; and (g) any other legal counsel, accountants, financial advisors, and other professionals as the Authorized Officers deem necessary, appropriate, or advisable to assist the Company in carrying out its duties under the Bankruptcy Code (all of the foregoing, collectively, the "Professionals"), and to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the Professionals; and it is further

**RESOLVED**, that the Authorized Officers, and each of them, are authorized, empowered, and directed to, on behalf of, and in the name of the Company, incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusive evidence of the due authorization and approval thereof; and it is further

## DEBTOR-IN-POSSESSION FINANCING

**RESOLVED**, that in connection with the commencement of the Chapter 11 case by the Company, the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of and on behalf of the Company, as debtor and debtor-in-possession, to negotiate, execute

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

and deliver: (i) one or more debtor in possession loans (collectively, the "DIP Loans"), on the terms the Authorized Officers may deem necessary or appropriate for the consummation of the transactions contemplated thereby, the signature of any such Authorized Officer to be deemed conclusive evidence of such determination; and (ii) in connection with the DIP Loans, such agreements, certificates, instruments, collateral documents, mortgages, guaranties, notices, and any and all other documents as any Authorized Officer may deem necessary or appropriate to facilitate the DIP Loans and pledge of collateral in connection therewith, the signature of such Authorized Officer to be deemed conclusive evidence of such determination; and it is further

## RESTRUCTURING SUPPORT AGREEMENTS AND PLAN OF REORGANIZATION

RESOLVED, the terms of the Restructuring Support Agreements by and between the Company and various creditors, and the Joint Plan of Reorganization contemplated under the Restructuring Support Agreements be, and hereby are, in all respects approved; and it is further

RESOLVED, the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of and on behalf of the Company, to take such actions as they may deem necessary or appropriate to implement, perform, and seek such orders and other relief as may be necessary to implement the Restructuring Support Agreements and the Plan, the signature of such Authorized Officer to be deemed conclusive evidence of such determination; and it is further

## GENERAL AUTHORIZATION AND RATIFICATION

RESOLVED, the Authorized Officers, and each of them, are authorized and directed, consistent with these Resolutions and with the advice of counsel: (i) to negotiate, execute, deliver, certify, file, record, and perform according to the terms of any and all of the agreements, documents, and instruments referenced herein, and such other agreements, documents, and instruments and assignments thereof as may be required or as such Authorized Officer deems appropriate or advisable, or to cause the negotiation, execution, and delivery thereof, as the case may be, in such form and substance as such Authorized Officer may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Officer may approve; (ii) to negotiate, execute, deliver, certify, file, record, and perform according to the terms of any agreements, documents, certificates, consents, filings, and applications relating to the Resolutions adopted and matters ratified or approved herein and the transactions contemplated hereby, and amendments and supplements to any of the foregoing, and to take such other action as may be required or as such Authorized Officer deems appropriate or advisable in connection therewith; and (iii) to do such other things as may be required, or as may in such Authorized Officer's judgment be necessary, proper, or desirable, to carry out the intent and effectuate the purposes of the Resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated hereby; and it is further

RESOLVED, that, subject to Bankruptcy Court approval as needed, the Authorized Officers, and each of them, are empowered, authorized, and directed, for and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such contracts, documents, instruments, and agreements providing for the engagement, retention, compensation, reimbursement of expenses, and indemnification of any legal counsel, accounting firm, or other such consultants, advisors, and

#17992240v3

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

other agents, to incur and pay all such fees and expenses and to retain any such legal counsel, accounting firm, or other such consultants, advisors, and other agents, in each case as they shall in their judgment determine to be necessary, desirable, or advisable to carry out fully the intent and purpose of the foregoing resolutions and the execution by such Authorized Officer of any such document, instrument, or agreement or the payment of any such expenses or the doing by them of any act in connection with the foregoing matters shall conclusively establish their authority therefor and the approval of the documents, instruments, or agreements so executed, the expenses so paid, and the actions so taken; and it is further

**RESOLVED**, that any person dealing with any Authorized Officer in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Officer and by his or her execution of any document or agreement, the same shall be a valid and binding obligation of the Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the authority given in these resolutions is retroactive and any and all actions heretofore or hereafter taken by any agent of the Company within the terms of any of the foregoing resolutions are ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Company shall indemnify, defend, and hold harmless, to the fullest extent permitted by the Company's governance documents and applicable law, each of the Authorized Officers with respect to any legal, equitable, or administrative claim of any kind whatsoever against such Authorized Officer in connection with, arising from, or related to any actions taken by such Authorized Officer in connection with the foregoing resolutions.

Adopted as of the date first written above.

[signature page follows]

4

#17992240v3

Docusign Envelope ID: 866FB7A3-E8C6-4863-A8DC-736FB507EECA

**SOLE MEMBER:**

GO LAB MADISON HOLDINGS, LLC, by
GO Lab, Inc., its sole member and manager

By:_____
      Matthew O'Malia
      Its President and CEO

**MANAGER:**

GO Lab, Inc.

By:_____
      Matthew O'Malia
      Its President and CEO

**INDPENDENT MANAGER:**

_____
Michelle A. Dreyer

#17992240v3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| GO LAB, INC., *et al.,*[1] | ) | Case No. 25-____ |
| Debtors. | ) | (Joint Administration Requested) |

**DEBTOR GO LAB, INC.'S CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 7007.1**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, Debtor, GO Lab, Inc. by its

undersigned attorneys, hereby states that the following corporation(s) own 10% or more of the

company's equity interests:

1. Diversified Communications; and

2. LF-VC, LLC

Dated: March 25, 2025

**COZEN O'CONNOR**

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Email: mfelger@cozen.com
sfraser@cozen.com

*Proposed Counsel for the Debtors and*
*Debtors in Possession*

---

[1] The Debtors in these Chapter 11 Cases are the following entities (the last four digits of each Debtor's respective federal tax identification number, if any, follow in parentheses): GO Lab, Inc. (0447) and GO Lab Madison, LLC (6162). The Debtors' corporate headquarters are located at 1 Main Street, PO Box 119, Madison, ME 04950.

**Fill in this information to identify the case:**

Debtor name    GO Lab, Inc.

United States Bankruptcy Court for the: _____ District of DE
(State)

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Small Enterprise Growth Fund d/b/a Maine Venture Fund P.O. Box 63 Newport, ME 04953 | | | | | | $3,824,589.00 |
| 2  Globe Machine Manufacturing Company 701 East Street P.O. Box 2274 Tacoma, WA 98401 | | | | | | $2,926,351.00 |
| 3  Financial Authority of Maine 5 Community Drive P.O. Box 949 Augusta, ME 04332-0949 | | | | | | $1,656,226.00 |
| 4  Maine Rural Development Authority c/o Financial Authority of Maine 5 Community Drive / P.O. Box 949 Augusta, ME 04332-0949 | | | | | | $1,025,236.00 |
| 5  Dieffenbacher GmBH Maschinen-und Anglage P.O. Box 734475 Dallas, TX 75373 | | | | | | $504,461.00 |
| 6  Andritz Ltd. 45 Roy Blvd. Brantford, Ontario Canada N3R 7K1 | | | | | | $442,673.00 |
| 7  Stantec Consulting Ltd. P.O. Box 578 / Lockbox 310260 Calgary, Alberta Canada N3R 7K1 | | | | | | $415,052.00 |
| 8  Johnson Controls Fire Protection LP 35 Progress Avenue Nashua, NJ 03062 | | | | | | $408,036.00 |

Debtor  GO Lab, Inc.
_____
Name

Case number *(if known)*_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Town of Madison P.O. Box 190 Madison, ME 04950 | | | | | | $400,000.00 |
| 10 | Somerset Economic Development Corporation 41 Court Street Skowhegan, ME 04976 | | | | | | $375,155.00 |
| 11 | OPAL Global, LLC 137 High Street Belfast, ME 04915 | | | | | | $339,850.00 |
| 12 | MSK-Covertech, Inc. 600 Cherokee Parkway Acworth, GA 30102 | | | | | | $287,321.00 |
| 13 | Kilop USA, Inc. 4146 Mendenhall Oaks Pkwy Suite 1013 High Point, NC 27265 | | | | | | $159,630.00 |
| 14 | Kennebec Valley Council of Governments 17 Main Street Fairfield, ME 04937 | | | | | | $125,590.00 |
| 15 | Resourced Solutions, LLC 3307 21st Avenue N Arlington, VA 22207 | | | | | | $90,000.00 |
| 16 | Reynold's Engineering and Equipment Inc. 1602 Musser Street Muscatine, IA 52761 | | | | | | $89,223.00 |
| 17 | Rembe, Inc. 9567 Yarborough Road Fort Mill, SC 29707 | | | | | | $81,051.00 |
| 18 | Heidrick & Struggles Inc. 233 S. Wacker Drive, Suite 4900 Chicago, IL 60606 | | | | | | $75,219.00 |
| 19 | NEPW Logistics Inc. 70 Quarry Road Portland, ME 04103 | | | | | | $67,990.00 |
| 20 | Keider Consulting Lisdorfer Street 11 Saalouis Sarrland, Germany 66740 | | | | | | $62,093.00 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name _____ GO Lab, Inc. _____

United States Bankruptcy Court for the: _____ District of __ DE ____
                                                                      (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration___Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___3/25/2025___          ✗ *Matthew O'Malia*          Digitally signed by Matthew O'Malia
                MM / DD / YYYY          Signature of individual signing on behalf of debtor          Date: 2025.03.25 09:56:51 -04'00'

                                        Matthew O'Malia
                                        Printed name

                                        Executive Vice President and CEO
                                        Position or relationship to debtor